**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAMADOU ALPHA BAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-1437 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND CLOSING CASE ON THE DOCKET WITHOUT PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 2). Petitioner, Mamadou Alpha Bah, is a citizen of the Republic of Guinea, who entered the United States on or about October 8, 2023. *Id*. at 6. Petitioner filed an application for asylum on October 3, 2024, and was detained on January 21, 2025. *Id*. at 7. In an Order of the Immigration Judge dated January 29, 2026, Petitioner's application for asylum was denied and Petitioner was ordered removed to Guinea. (ECF No. 7-1, at 27). Petitioner is appealing that order to the Board of Immigration Appeals. (ECF No. 2-4, at 3). In May, 2025, Petitioner received a bond redetermination hearing before an Immigration Judge and was denied bond. (ECF No. 9, at 2).

Prior to Petitioner's detention, on December 17, 2024, Petitioner was charged with theft by receiving stolen property and possession of a firearm during commission of a felony. *Id*. at 6. Those charges are still pending. However, the Government does not purport to be detaining Petitioner under 8 U.S.C. § 1226(c). (ECF No. 9, at 1). Rather, Petitioner's Notice to Appear directs that Petitioner is removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), and he is currently being detained under § 1226(a). *Id*.

Days after the Court received Petitioner's Petition, the Court Ordered Respondents to show cause why Petitioner should not be granted a bond hearing or be released due to unreasonable length of detention under *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). (ECF No. 3). Respondents responded to this Show Cause Order by arguing that Petitioner's detention was justified under § 1225(b)(2)(A), without addressing *German Santos*. (ECF No. 7, at 3). Following a second Show Cause Order (ECF No. 8), Respondents abandoned their argument that Petitioner's detention was justified under § 1225(b) and conceded that the Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) controls Petitioner's detention status. (ECF No. 9, at 2). Now, Respondents argue that *German Santos* is inapplicable to Petitioner's lengthy detention because Petitioner is detained under § 1226(a) and not § 1226(c). *Id*. at 3.

## I. DISCUSSION

Our Court of Appeals has found that the Constitutions Due Process clause affords aliens detained under 1226(c) a bond hearing, at minimum, "once detention becomes unreasonable." *German Santos*, 965 F.3d at 210. Petitioner here is detained under § 1226(a). (ECF No. 9, at 2). His last bond redetermination hearing was in May, 2025. *Id*. Petitioner has been detained for over a year without there being any redetermination of Petitioner's flight risk or whether he is a danger to the community. Thus, the same principles that make prolonged detention unreasonable under § 1226(c) apply here, as well. *See German Santos*, 965 F.3d at 210.

This Court has held "that Third Circuit precedent does not categorically foreclose a second bond hearing in prolonged detention cases." *Machado-Alvarado v. Oddo*, No. 3:26-cv-655, 2026 WL 2410139, at *2 (W.D. Pa. Aug. 18, 2026) (citing *Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901, at *2-3 (W.D. Pa. June 8, 2026)); *A.J.R.*

*v. Rokosky*, No. 25-17279, 2026 WL 592136, at *2-3 (D.N.J. Mar. 3, 2026) (applying *German Santos* factors to petitioner's prolonged detention under § 1226(a)); *see also Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 280 (3d Cir. 2018) ("We therefore need not decide when, if ever, the Due process Clause might entitle an alien detained under § 1226(a) to a new bond hearing in order to conclude that [petitioner's] due process rights were not violated."). For example, in *Machado-Alvardo*, the Court considered whether the detention of a petitioner under § 1226(a) had become unreasonable almost six months after their last bond hearing. 2026 WL 2410139, at *2.

The Court will determine whether Petitioner's detention has become unreasonable using the *German Santos* factors. To determine whether detention has become unreasonably prolonged, courts look at the following non-exhaustive list: "(1) duration of detention; (2) whether detention is likely to continue; (3) reasons for the delay; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Machado-Alvardo*, 2026 WL 2410139, at *3.

"The most important factor is duration of detention." *German Santos*, 965 F.3d at 211. Detention "'becomes more and more suspect' after five months." *Id.* at 211 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)); *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 12 F.4th 321, 332 (3d Cir. 2021) (explaining that an "unreasonably long" detention under § 1226(c) "may be six months or more"). Here, Petitioner has been detained for over a year and half. (ECF No. 2, at 2). And is it has been over a year since Petitioner's last bond hearing. (ECF No. 9, at 2). The duration of detention factor favors Petitioner. *See Machado-Alvarado*, 2026 WL 2410139, at *3 (finding duration factor weighed in petitioner's favor where petitioner had been detained for nine months.); *Fadel*, 2026 WL 1649901, at * 4 (finding duration factor weighed in

petitioner's favor where petitioner had been detained for nine months and it had been four months since his last bond hearing).

The second factor asks whether the detention is likely to continue. Petitioner is currently awaiting a decision on his appeal of his removal order. (ECF No. 2, at 7). And Petitioner notes that if the Board of Immigration Appeals affirms the IJ's determination, then he would be entitled to petition for review of that decision to the Third Circuit. (ECF No. 2, at 12). In *German Santos*, the petitioner had reserved his right to appeal to the Board and noted, if that appeal was dismissed, he would be entitled to petition the Third Circuit for review. 965 F.3d at 212. Noting these appeals "would add months more" to the petitioner's detention, the Court there found that "the likelihood that [petitioner's] detention will continue strongly supports a finding of unreasonableness." *Id*. So too, here.

The third factor looks at the reasons for the delay in the petitioner's detention. *Id*. at 211. The Court does "not hold an alien's good-faith challenge to his removal against him, even if his appeals … have drawn out the proceedings." *Id*. And because there is no "evidence of carelessness or bad faith[]" the reasons for delay factor does not weight against the Government, either. *See German Santos*, 965 F.3d at 211. This factor, then, is neutral.

Next, the Court asks "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id*. This Court has been hesitant to pass judgment on Moshannon Valley Processing Center without "a more developed record[.]" *Machado-Alvarado*, 2026 WL 2410139, at *3. Petitioner argues that his detention is not meaningfully different from criminal punishment in that he is not free to leave, his ability to exercise and go outdoors is limited, he has a limited ability to communicate with legal counsel on an unrecorded line, and he is subject to regular mandatory searches. (ECF No. 2, at 14). Given that Petitioner is not free to leave, this

factor weighs slightly in his favor. See *Machado-Alvarado*, 2026 WL 2410139, at *3; *Fadel*, 2026 WL 1649901, at *4.

Upon balance, Petitioner's detention has become unreasonable. The weightiest factor—duration of detention—weighs in Petitioner's favor because it has been more than a year since Petitioner's last bond hearing. This detention is likely to continue, weighing this factor in favor of Petitioner, although the reasons for the delay in Petitioner's detention does not cut against either Petitioner or Respondent. Finally, the conditions of confinement factor weights slightly in Petitioner's favor.

The correct remedy in this instance is a constitutionally adequate bond hearing before an Immigration Judge. This was the proper remedy in *German Santos*, where the Petitioner's detention under § 1226(c) had become unreasonably prolonged, and the same is true here, where Petitioner's detention under § 1226(a) has become unreasonably prolonged. 965 F.3d at 214; *see Machado-Alvarado*, 2026 WL 2410139, at *4-5. At this bond hearing, "'the government must put forth clear and convincing evidence' to 'support a finding that continued detention is needed to prevent [Petitioner] from fleeing or harming the community[.]'" *Machado-Alvarado*, 2026 WL 241039, at *5 (quoting *German Santos*, 965 F.3d at 213-14).

## II. CONCLUSION

Petitioner's detention has become unreasonable because he has been detained for over a year without a redetermination of whether he is a flight risk or a danger to the community. The proper remedy is a constitutionally adequate bond hearing before an Immigration Judge where the government bears the burden to prove by clear and convincing evidence that continued detention is needed to prevent Petitioner from fleeing or harming the community.

AND NOW, this 10th day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 2), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the Petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: 10 September, 2026